■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BOLDEN, Appellant. [898 NYS2d 260]—

Appeal by the defendant from a resentence of the Supreme Court, Kings County (Gary, J.), imposed December 22, 2008, upon his conviction of robbery in the second degree (two counts), upon a jury verdict.

Ordered that the resentence is reversed, on the law, the term of postrelease supervision is vacated, and the original sentence is reinstated.

After a jury trial conducted in February 2001, the defendant was convicted of two counts of robbery in the second degree. On March 30, 2001, the defendant was sentenced to two concurrent determinate terms of seven years imprisonment. Although a term of postrelease supervision is a mandatory component of determinate sentences (*see* Penal Law § 70.45), the sentencing court did not pronounce any term of postrelease supervision. The defendant's judgment of conviction was affirmed by this Court on March 1, 2004 (*see People v Bolden,* 5 AD3d 393 [2004]). After serving the period of incarceration Ordered by the sentencing court, the defendant was released from prison on October 27, 2006. However, the Department of Correctional Services subsequently initiated a resentencing proceeding pursuant to Correction Law § 601-d and, on December 22, 2008, the Supreme Court resentenced the defendant and added a five-year term of postrelease supervision to the original sentence.

The Court of Appeals recently held in *People v Williams* (14 NY3d 198, 219-220 [2010]) that "once a defendant is released from custody and returns to the community after serving the period of incarceration that was ordered by the sentencing court, and the time to appeal the sentence has expired or the appeal has been finally determined, there is a legitimate expectation that the sentence, although illegal under the Penal Law, is final and the Double Jeopardy Clause prevents a court from modifying the sentence to include a period of postrelease supervision." Since the defendant's direct appeal was determined in March 2004 and he was released from custody in October 2006, the Double Jeopardy Clause prohibited the Supreme Court from thereafter modifying his sentence to impose a term of post-

release supervision. Accordingly, the term of postrelease supervision must be vacated, and the defendant's original sentence reinstated. Covello, J.P., Florio, Miller and Eng, JJ., concur.